George A. Manos v. Commissioner. George A. Manos and Louise G. Manos v. Commissioner.
Manos v. Commissioner
Docket Nos. 1766-66, 1776-66.
United States Tax Court
T.C. Memo 1967-103; 1967 Tax Ct. Memo LEXIS 156; 26 T.C.M. (CCH) 486; T.C.M. (RIA) 67103; May 10, 1967
*156 Held, that assessment and collection of deficiencies are not barred by the statute of limitations. Held, further, that the petitioners have failed to show error in the respondent's determination of the deficiencies. Joseph M. Abele, for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined deficiencies in income tax and additions thereto under section 6653(b) of the Internal Revenue Code of 1954 as follows: Additions
Docket
Taxable
to Tax
No.
Year
Tax
Section 6653(b)
1766-66
1956
$14,308.91
$7,154.46
1961
1,893.63
946.82
1776-66
1957
544.82
272.41
1958
3,748.86
1,874.43
1959
1,540.59
770.30
1960
6,244.71
3,122.36
*157 On November 16, 1965, the respondent made jeopardy assessments against the petitioners in the amounts stated above. The petitioners, in their petitions, alleged that payment and collection of any deficiencies for the years in question are barred by the statute of limitations provided in section 6501 of the Internal Revenue Code of 1954, and allege, alternatively, that the respondent's determinations of the deficiencies are erroneous. The respondent now concedes that there is no deficiency in income tax for the taxable year 1957 and that there are no additions to tax due under section 6653(b) of the 1954 Code for any of the years in question. In his answers he alleged that assessment and collection of the deficiencies for the remaining years are not barred by the statute of limitations, stating that no income tax return was filed for the taxable year 1956, and that for each of the taxable years 1958, 1959, 1960, and 1961 the petitioners executed timely consents in writing extending the time for assessment and collection of any takes due for those years to June 30, 1966. Findings of Fact During the years in question and at the time of filing the petitions *158 herein the petitioners were residents of Toronto, Ohio. For the taxable years 1958 through 1960 the petitioners filed joint Federal income tax returns with the district director of internal revenue, Cleveland, Ohio, and for the taxable year 1961 the petitioner George A. Manos filed his Federal income tax return with the same director of internal revenue. The returns for the taxable years 1958, 1959, and 1960 were timely filed. The return for the taxable year 1961 was filed on August 16, 1962. The record fails to show that any return was filed by the petitioner George A. Manos for the taxable year 1956. For the taxable years 1958, 1959, and 1960 the petitioners executed timely consents in writing, agreeing that any taxes due for those years might be assessed at any time prior to June 30, 1966. For the taxable year 1961 the petitioner George A. Manos executed a timely written consent, extending the time for assessment for that year to June 30, 1966. The notices of deficiency were mailed on January 14, 1966. Opinion When the case was called for trial there was no appearance by or on behalf of the petitioners. From the statement of counsel for the respondent made at the trial and *159 from other statements previously filed with the Court, it appears that the petitioner George A. Manos died intestate in August 1966, which was after the filing of the petitions but before the trial, and that no administrator was appointed for his estate. This circumstance does not divest the Court of jurisdiction. Roy R. Yeoman, 25 T.C. 589. There are set forth in the margin provisions of section 6501 of the Internal Revenue Code of 1954 pertinent to the statute of limitations questions presented. [1]
*160 The petitioners having alleged that assessment and collection of any deficiencies are barred by the statute of limitations, the burden of proof was upon them to show that the notices of deficiency were untimely. In order to carry that burden it was necessary that they establish that returns were filed and that the notices of deficiency were sent after the expiration of the statutory period from the date of filing. No evidence was presented to show that any return was filed for the taxable year 1956. In view of the respondent's position that no return was filed for that year, we must conclude that the burden of proof has not been carried and that assessment and collection of the deficiency in tax for that year are not barred by the statute of limitations. Section 6501(c)(3) of the Code. The record establishes that returns were filed for the taxable years 1958, 1959, 1960, and 1961, and that the notices of deficiency were not mailed within 3 years after such returns were filed. However, the respondent has established that as to each of those years valid consents in writing were executed by the petitioners extending the time for assessment of taxes for those years to June 30, 1966. *161 Since the notices of deficiency were mailed prior to that date, it follows that assessment and collection of any taxes for those years are not barred. Section 6501(c)(4) of the Code. The respondent's determination of deficiencies is presumed to be correct and the burden of proof is upon the petitioners to show error therein. Welch v. Helvering, 290 U.S. 111. As stated, the petitioners did not appear, and the record is devoid of any evidence to show that the respondent's determination of deficiencies in tax for the taxable years 1956, 1958, 1959, 1960, and 1961 are erroneous. Accordingly, such determinations are approved. Decisions will be entered in accordance with the foregoing. Footnotes
1. SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION. (a) General Rule. - Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) * * * and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. * * *
(c) Exceptions. - * * *
(3) No return. - In the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time. (4) Extension by agreement. - Where, before the expiration of the time prescribed in this section for the assessment of any tax imposed by this title * * * both the Secretary or his delegate and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.↩